# EXHIBIT A

Andrea Lynn Chastee
Will County Circuit Cler
Twelfth Judicial Circuit Cou
Electronically File
19L89
Filed Date: 10/15/2019 5:26 PI
Envelope: 697015
Clerk: C'

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| AVA JACKSON, on behalf of herself and all other persons similarly situated, known and unknown, | )<br>)<br>) Case No. **19L898**<br>)<br>) Judge |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| HC JOLIET, LLC, | )<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Ava Jackson ("Plaintiff") files this Class Action Complaint ("Complaint") against HC Joliet, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1. Penn National Gaming, Inc. is one of the leading casino and gaming companies in the United States.

2. Defendant is an operating subsidiary or affiliate of Penn National Gaming, Inc.

3. Defendant operates Hollywood Casino in Joliet, Illinois ("Hollywood Joliet").

4. Hollywood Joliet had gross receipts of $118,059,563 and admitted 957,117 patrons in 2018, with an average daily admission of 2,622 patrons, according to the 2018 Annual Report by the Illinois Gaming Board.

5. Defendant uses facial recognition technology with its video security cameras at its Hollywood Joliet casino.

6. Defendant's facial recognition technology identifies a person by scanning the geometry of a person's facial features and comparing that scan against databases of stored facial geometry templates.

**Initial case management set for**
2/10/2020 **at:** 9:00 **a.m.**

1

7. Plaintiff is a member of Defendant's rewards program who gambled at Defendant's Hollywood Joliet casino during the limitations period.

8. Defendant's facial recognition technology scanned Plaintiff's and other rewards program members' facial geometry and stored templates of their facial geometry in Defendant's databases.

9. Each time Plaintiff and other rewards program members gambled at Defendant's casino Defendant's facial recognition technology scanned the geometry of their faces to identify them against stored facial geometry templates in Defendant's databases.

10. Facial geometry is a *unique* and *permanent* identifier.

11. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like facial geometry, and information based on those identifiers, cannot be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

12. As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures and data retention/destruction policies.

13. Defendant collected, stored, and used the unique biometric facial geometry identifiers, or identifying information derived from facial geometry, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

14. As a result, Plaintiff and others similarly situated lost the right to control their biometric identifiers and information.

**JURISDICTION AND VENUE**

15. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

16. Will County is an appropriate venue for this litigation because Defendant has offices in Will County, does business there, and committed the statutory violations alleged in this Complaint in Will County.

**THE PARTIES**

17. Plaintiff is an individual who is a citizen of Indiana.

18. Defendant is an Illinois limited liability company.

19. Defendant is owned by Penn National Gaming, Inc.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

20. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

21. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

22. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is

3

collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

23. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).[1]

### BACKGROUND FACTS

24. Plaintiff gambled at Defendant's Hollywood Joliet casino approximately 30 times in the last three to five years, including most recently during the week of September 23, 2019.

25. Plaintiff has been a member of Defendant's rewards program for approximately three to five years.

26. Defendant's facial recognition technology scanned Plaintiff's facial geometry from security camera footage and stored a facial geometry template for Plaintiff.

27. Each time Plaintiff gambled at Defendant's Hollywood Joliet casino, Defendant's facial recognition technology scanned Plaintiff's facial geometry and compared those scans against stored facial geometry templates in Defendant's databases.

28. Defendant failed to inform Plaintiff and other rewards program members in writing that it was collecting their biometric identifiers or information, the purpose and length of term for such collection, and failed to obtain their written consent *before* Defendant collected their facial geometry scans.

---

[1] The Biometric Information Privacy Act has other requirements not yet relevant to this lawsuit.

4

29. Defendant never established and followed a publicly available written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiff's and other rewards program members' facial geometry.

## CLASS ACTION ALLEGATIONS

30. Plaintiff seeks to represent the following class:

All individuals who are members of Defendant's rewards program and who had their facial geometry scans collected or possessed by Defendant in Illinois between October 15, 2014 and the present ("the Class").

31. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practice: Defendant's collection and possession of their facial geometry scans despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

32. The Class includes hundreds and likely thousands of members.

33. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

34. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant used facial recognition technology at its Illinois casino; whether Defendant collected and/or possessed the Class's "biometric identifiers" or "biometric information" through the use of facial recognition technology at its Illinois casino; and whether Defendant complied with the procedures in 740 ILCS 14/15(a) and (b) of the Biometric Information Privacy Act.

35. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

36. Plaintiff, the members of the Class, and Defendant have a commonality of interest

5

in the subject matter of the lawsuit and the remedies sought.

37. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

38. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

39. Defendant's books and records are material to Plaintiff's case as they disclose when Defendant scanned the facial geometry of Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about the collection, retention, and use of their biometric identifiers and information.

40. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

41. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

42. Plaintiff realleges and incorporates the previous allegations of this Complaint.

43. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

44. Plaintiff's and the Class's facial geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

45. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of identifying information based on Plaintiff's and the Class's facial geometry scans.

46. Defendant violated the Biometric Information Privacy Act by capturing or

collecting Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without *first* informing them in writing that Defendant was doing so.

47. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without *first* informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

48. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without *first* obtaining their informed written consent authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

49. Unlike other companies in Illinois, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before Defendant committed the violations alleged in this Complaint.

50. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Awarding such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

51. Plaintiff realleges and incorporates the previous allegations of this Complaint.

52. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

53. Plaintiff's and the Class's facial geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

54. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of identifying information based on Plaintiff's and the Class's facial geometry scans.

55. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's facial geometry scans and identifying information based on those scans without creating and following a written policy, made available to the public, establishing and following a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

56. Unlike other companies in Illinois, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act, even though the law was enacted in 2008 and numerous articles and court filings were published about the law's requirements before Defendant committed the violations alleged in this Complaint.

57. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated or monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Awarding such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Dated: October 15, 2019          Respectfully submitted,

/s/Douglas. M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Joseph A. Fitapelli (jfitapelli@fslawfirm.com)
Dana Cimera (dcimera@fslawfirm.com)
**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, NY 10005
(212) 300-0375

*Attorneys for Plaintiff*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Will COUNTY | | |

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | AVA JACKSON, on behalf of herself and all other persons similarly situated, known and unknown |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** (First, middle, last name) |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. |
| Enter the Case Number given by the Circuit Clerk. | HC JOLIET, LLC |
| | **Defendant / Respondent** (First, middle, last name) |

**19L898**

Case Number

| In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. |
|---|
| In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. |
| In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. |

1. **Information about the lawsuit:**
   Amount claimed: $ 50,000.00 + (to be determined)

2. **Contact information for the Plaintiff/Petitioner:**
   Name (First, Middle, Last): Ava Jackson c/o Werman Salas P.C.
   Street Address, Apt #: 77 W. Washington St., Suite 1402
   City, State, ZIP: Chicago, IL 60602
   Telephone: (312) 419-1008
   ☐ See attached for additional Plaintiff/Petitioner contact information

3. **Contact information for the Defendant/Respondent:**
   Name (First, Middle, Last): HC JOLIET, LLC c/o Reg. Agent: The Corporation Co
   Street Address, Apt #: 118 W. Edwards Street, Suite 200
   City, State, ZIP: Springfield, IL 62704
   Telephone: _____
   ☐ See attached for additional Defendant/Respondent contact information

| **Important Information for the person receiving this form:** | You have been sued.<br>Follow the instructions on the next page on how to appear/answer.<br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp<br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.<br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4. Instructions for person receiving this form (Defendant/Respondent):** To respond to this *Summons* you must: |

☐ Go to court:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____ Court Room: _____
City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: 14 W. Jefferson Street
City, State, ZIP: Joliet, IL 60432

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 10/18/19 <br> Clerk of the Court: *Andrea Lynn Chasteen* |



| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of its date, listed above. <br><br> Date of Service: _____ <br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT <br> Will COUNTY | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | AVA JACKSON, on behalf of herself and all other persons similarly situated, known and unknown <br> **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. <br> HC JOLIET, LLC | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. | My name is _____ and I swear under oath <br> *First, Middle, Last* <br> that I served the *Summons* and Complaint/Petition on the Defendant/Respondent <br> _____ as follows: <br> *First, Middle, Last* |
|---|---|

☐ Personally on the Defendant/Respondent:
Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
Height: _____  Weight: _____
On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐  Female: ☐  Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____, 20 _____.

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered    $ _____

Service and Return    $ _____

Miles: _____    $ _____

Total    $ _____

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L898
Filed Date: 11/5/2019 3:56 PM
Envelope: 7247114
Clerk: HW

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

For Court Use Only

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS |
|---|---|
| Will COUNTY | |

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

AVA JACKSON, on behalf of herself and all other persons similarly situated, known and unknown

Plaintiff / Petitioner (First, middle, last name)

Enter the names of all people you are suing as Defendants/Respondents.

v.

HC JOLIET, LLC

Defendant / Respondent (First, middle, last name)

Enter the Case Number given by the Circuit Clerk.

19L898

Case Number

---

In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.

1. **Information about the lawsuit:**
   Amount claimed: $ 50,000.00 + (to be determined)

In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

2. **Contact information for the Plaintiff/Petitioner:**
   Name (First, Middle, Last): Ava Jackson c/o Werman Salas P.C.
   Street Address, Apt #: 77 W. Washington St., Suite 1402
   City, State, ZIP: Chicago, IL 60602
   Telephone: (312) 419-1008
   ☐ See attached for additional Plaintiff/Petitioner contact information

In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

3. **Contact information for the Defendant/Respondent:**
   Name (First, Middle, Last): HC JOLIET, LLC c/o Reg. Agent: The Corporation Co
   Street Address, Apt #: 118 W. Edwards Street, Suite 200  600 S 2nd
   City, State, ZIP: Springfield, IL 62704
   Telephone: _____
   ☐ See attached for additional Defendant/Respondent contact information

---

**Important Information for the person receiving this form:**

You have been sued.
Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.

You should read all of the documents attached.

---

SU-S 1503.1          Page 1 of 4          (09/18)

1117541

Enter the Case Number given by the Circuit Clerk: _____

| | | |
|---|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4.** | **Instructions for person receiving this form (Defendant/Respondent):** To respond to this *Summons* you must: |

☐ Go to court:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____ Court Room: _____
City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:
On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: 14 W. Jefferson Street
City, State, ZIP: Joliet, IL 60432

Witness this Date: 10/18/19

Clerk of the Court: *Andrea Lynn Chasteen*

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | |

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of its date, listed above. Date of Service: _____ *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |



# SANGAMON COUNTY SHERIFFS OFFICE
"Keeping the Peace Since 1821"

dministration – (217) 753-6855
cords – (217) 753-6846

JACK CAMPBELL
#1 Sheriffs Plaza
Springfield, IL 62701

Investigations – (217) 753-6840
Corrections – (217) 753-6886

SG TRACKING #19- 7436

I, T. Roderick certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number __19 L 899__

Name of defendant __HC Joliet__

Name of other person Summons left with __D. Poindexter__

Sex: ( M /(F)) Race: __B__ Approx. Age: __40__

Date of Service __11/5/2019__ Time __2228__

Date of Mailing _____

Address at which paper was served:
__600 S 2nd__
__Spfld IL__

Service fees (Circle One) $50.00 or $100.00

Circle One: PAID   PAUPER   NO CHARGE

Jack Campbell, Sheriff of Sangamon County Sheriff's Office

By _____, Deputy # __332__

IN PARTNERSHIP WITH THE COMMUNITY